Filed 6/29/21  P. v. Portillo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B298967 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA030961-03) |
| v. | |
| JOSEPH JOHN PORTILLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kristen J. Inberg and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

In 1997, a jury convicted Joseph J. Portillo of, among other crimes, felony murder with true findings on the special circumstance allegations that the murders were committed in the course of a burglary and an attempted robbery and that Portillo committed multiple murders. Years later, Portillo petitioned for vacation of his murder conviction and resentencing under Penal Code section 1170.95.[1] The trial court denied the petition, concluding that, in light of the special circumstance findings, Portillo was a major participant in the underlying felony who acted with reckless indifference to human life. As such, he was ineligible for relief. Portillo appeals the order denying his petition. We affirm.

## BACKGROUND

1. *The murders, trial, and conviction*[2]

Portillo's convictions arose out of his and his accomplices' attempt to steal drugs. In 1996, Portillo asked his girlfriend if a friend of hers, Curtis Reilly, had security cameras and guns at his house, because Portillo wanted to steal things from Reilly. Portillo told his girlfriend that he was going to do something that might be the " 'last thing he did,' " that he didn't know if he was going to " 'make it out alive or not,' " and that " 'somebody may die.' "

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We derive the background from the prior opinion in this matter, *People v. Cory* (June 8, 1999, B118065) [nonpub. opn.]. We have granted Portillo's motion to augment the record with the appellate record in that underlying case.

Over the course of several days, Portillo bought drugs from Reilly. Then, on the day of the murders, Portillo asked his girlfriend and another woman if they knew where he could get guns. That evening, Reilly was home with Donnie Aiken, Charlie Johnson, and three others. Hearing a knock on the door, Aiken opened the door to Isaac Pereira, Portillo's accomplice. Pereira had bought drugs from Reilly previously, and he said he was there to return something to Reilly. A few minutes later, there was another knock on the door. Pereira let in Portillo, Ronald Cory, and Kevin Watkins.

Cory pulled out a shotgun. Watkins had a knife. Reilly called out to Johnson, who then struggled with Watkins. Aiken struggled for control of the gun with Cory and Portillo, who hit Aiken. All of a sudden, Aiken felt as if someone had punched him in the back; in fact, he had been stabbed. Pereira stood a few steps behind Aiken, wiping blood off a knife. Aiken tried to crawl away, but Portillo got on top of him to prevent Aiken from escaping. The intruders left. Aiken survived, but Reilly and Johnson died from stab wounds.

At Portillo's trial, the trial court instructed the jury on first degree felony murder during a robbery or burglary. The trial court also instructed the jury that to find a defendant guilty of first degree murder, it had to determine if one or more special circumstances was true: (1) that defendant committed more than one murder and (2) the murder was committed during the commission or attempted commission of a robbery or burglary. The jury was further instructed that if it found a defendant was not the actual killer, then the jury could not find the special circumstances true unless it found beyond a reasonable doubt

3

that defendant had the intent to kill or was a major participant in the murder who acted with reckless indifference to human life.

A jury convicted Portillo of two counts of first degree murder (§ 187, subd. (a)), attempted premeditated murder (§§ 664, 187), attempted robbery (§§ 664, 211), and first degree residential burglary (§ 459). The jury found true the multiple-murder special circumstance allegations (§ 190.2, subd. (a)(3)) and the special circumstance allegations that the murders were committed during the commission of an attempted robbery and a burglary (§ 190.2, subd. (a)(17)). The jury also found true the principal armed with a firearm allegations (§ 12022, subd. (a)(1)).

In 1997, the trial court sentenced Portillo to life in prison without the possibility of parole for the murders, life for the attempted murder, and seven years for the burglary.

Portillo appealed and argued, among other things, that there was insufficient evidence to support the special circumstance findings. A different panel of this Division rejected that contention but remanded for resentencing and otherwise affirmed the judgment. (*People v. Cory*, *supra*, B118065.)

2. *Section 1170.95 petition*

In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Portillo filed a petition to vacate his murder conviction and for resentencing. Using a preprinted form, he checked boxes to indicate that a complaint had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he was convicted of first or second degree murder under one or more of those theories, and he could not now be convicted of murder because of changes to sections 188 and 189 effectuated by Senate Bill 1437. At

4

Portillo's request, the trial court appointed counsel to represent him. Appointed counsel had represented one of Portillo's codefendants at trial.

The People opposed the petition on the grounds the law was unconstitutional and that Portillo was ineligible based on the special circumstance findings. Without waiting for Portillo's reply, the trial court advanced the hearing on the petition and summarily denied the petition. Neither Portillo nor his attorney nor the prosecutor was present. The trial court said that its file, which included the appellate opinion, reflected that a jury convicted Portillo of two counts of first degree murder and found true multiple murder and felony murder special circumstance allegations. The trial court also noted that the Court of Appeal had affirmed the true finding on the special circumstance allegation that Portillo was a major participant who acted with reckless indifference to human life. Accordingly, the trial court found Portillo ineligible for relief as a matter of law.

## DISCUSSION

Portillo contends that the trial court erred by summarily dismissing his petition based on the jury's special circumstance findings. Further, by doing so in the absence of Portillo's appointed counsel, the trial court deprived him of his right to counsel. We disagree.

1. *Applicable legal principles*

a. *Senate Bill 1437*

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is

5

commensurate with the person's individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted Mar. 18, 2020, S260493; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749–750, 763, review granted Nov. 26, 2019, S258234.)

Prior to Senate Bill 1437's enactment, under the felony-murder rule "a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state." (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247–248.) " ' "The felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the perpetration of a felony inherently dangerous to human life." ' " (*Id.* at p. 248.)

Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*People v. Gentile*, *supra*, 10 Cal.5th at p. 842.)

b. *Section 1170.95's petitioning procedure*

Senate Bill 1437 added section 1170.95, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder or natural and probable consequences theory may petition for vacation of their convictions and resentencing. A defendant is eligible for relief under section

1170.95 if the defendant: (1) had been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) was convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1170.95, subd. (a).)

Evaluating a section 1170.95 petition requires a multi-step process: an initial review to determine the petition's facial sufficiency; a prebriefing, " 'first prima facie review' " to preliminarily determine whether the petitioner is statutorily eligible for relief as a matter of law; and a second, postbriefing prima facie review to determine whether the petitioner has made a prima facie case that he or she is entitled to relief. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897 (*Tarkington*), review granted Aug. 12, 2020, S263219; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 327–330, rev.gr.; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.)

When conducting the first prima facie review, the trial court must determine, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief as a matter of law, i.e., whether the petitioner was convicted of a qualifying crime, based on a charging document that permitted the prosecution to proceed under the natural and probable consequences doctrine or a felony-murder theory. (*Tarkington*, *supra*, 49 Cal.App.5th at pp. 897–898, rev.gr.; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329–330, rev.gr.) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may summarily deny the petition without appointing counsel. (*Tarkington*, at pp. 898, 901–

7

902; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178 (*Torres*), review granted June 24, 2020, S262011; *Verdugo*, at p. 332; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598.)

If, however, the petitioner's ineligibility is not established as a matter of law, the trial court must appoint counsel and permit briefing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330, rev.gr.; *Tarkington, supra,* 49 Cal.App.5th at p. 898, rev.gr.) If the petitioner makes such a showing, the trial court must issue an order to show cause and conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d); *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165–1166.) At such a hearing, the prosecution has the burden to prove, beyond a reasonable doubt, that the defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

2. *Application here*

Portillo contends that the trial court erred by finding him ineligible based on the jury's special circumstance findings because they predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). *Banks* and *Clark* clarified what it means for an aider and abettor defendant like Portillo to be a major participant in a crime who acted with a reckless indifference to human life for the purposes of the special circumstance statute, section 190.2, subdivision (d). The People counter that the special circumstance findings render him ineligible for resentencing as a matter of law. We agree with the People.

8

To be eligible for resentencing, Portillo was required to show that he could not be convicted of first or second degree murder because of changes to section 188 or 189 made by Senate Bill 1437. (§ 1170.95, subd. (a)(3).) Under section 189, as amended, a defendant can be convicted of felony murder if he was the actual killer; acted as a direct aider and abettor with the intent to kill; *or was a major participant in the underlying felony and acted with reckless indifference to human life*. (§ 189, subd. (e).) As we have said, Portillo's pre-*Banks* and *Clark* jury was instructed that if it found he was not the actual killer, it could only find the special circumstances true if it found beyond a reasonable doubt that Portillo had the intent to kill or was a major participant in the murder who acted with reckless indifference to human life.

Appellate courts are split on whether a pre-*Banks* and *Clark* special circumstance finding renders a petitioner ineligible for section 1170.95 relief as a matter of law.[3] (*People v. Jones* (2020) 56 Cal.App.5th 474, 478–479, review granted Jan. 27, 2021, S265854 [collecting cases].) Some courts have concluded that such a special circumstance finding does not, by itself, render a petitioner ineligible for relief. (*Torres*, *supra*, 46 Cal.App.5th at p. 1178, rev.gr.; *People v. Harris* (2021) 60 Cal.App.5th 939, 944–945, review granted Apr. 28, 2021, S267802.) *Torres*, at page 1179, reasoned that *Banks* and *Clark* construed section 190.2, subdivision (d) in a significantly different and narrower manner than courts had previously done. "Accordingly, in determining if [petitioner] could be convicted

---

[3] Our Supreme Court is currently considering this issue. (*People v. Strong* (Dec. 18, 2020, C091162), review granted Mar. 10, 2021, S266606.)

9

today of first degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [petitioner] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Torres*, at p. 1179.) When no court has affirmed the special circumstances findings post-*Banks* and *Clark*, there is a possibility the petitioner was punished for conduct not prohibited by section 190.2 as currently understood, in violation of the petitioner's constitutional right to due process. (*Torres*, at p. 1180; accord, *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *Harris*, at p. 958; *People v. Secrease* (2021) 63 Cal.App.5th 231.)

Other courts have found to the contrary, that a pre-*Banks* and *Clark* special circumstance finding bars section 1170.95 relief as a matter of law. They reason that section 1170.95 was not meant to be an avenue for a collateral attack on the sufficiency of the evidence to support a special circumstance finding (see, e.g., *People v. Allison* (2020) 55 Cal.App.5th 449, 453, 461), and a defendant who challenges the sufficiency of the evidence to prove a pre-*Banks* and *Clark* major participant or reckless indifference finding must do so via a petition for writ of habeas corpus (see, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, 16–17, review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, review granted Oct. 14, 2020, S264284; *People v. Jones*, *supra,* 56 Cal.App.5th at p. 483, rev.gr.; *People v. Nunez* (2020) 57 Cal.App.5th 78, 96, review granted Jan. 13, 2021, S265918.)

In support of this view, these courts point out that *Banks* and *Clark* did not state a new rule of law but merely clarified the

already-existing meaning of "major participant" and "reckless indifference," terms that do not have specialized definitions and are interpreted as used in common parlance. (*People v. Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.; *People v. Nunez, supra*, 57 Cal.App.5th at p. 92, rev.gr.; *People v. Allison*, *supra*, 55 Cal.App.5th at pp. 458–459.) While optional language was added to the pattern jury instructions after *Banks* and *Clark,* "no mandatory language or material changes were made to the CALCRIM special circumstances instructions," and there is no requirement that juries be instructed on the *Banks/Clark* clarifications. (*Nunez*, at p. 92.) Thus, the argument that a pre-*Banks/Clark* special circumstance finding must be presumed invalid exaggerates the impact of *Banks* and *Clark*. (*Allison*, at p. 458; *Jones*, at p. 484.) There is "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94).

Additionally, this line of authority reasons that the *Torres/Smith/York* approach is inconsistent with the plain language of section 1170.95, because a defendant claiming ineligibility based on *Banks* and *Clark* does not meet the statutory requirement in section 1170.95, subdivision (a)(3), that the defendant cannot be convicted *because of* changes to sections 188 or 189 made by Senate Bill 1437. (*People v. Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.) The alleged inability to obtain such a conviction is not because of changes made by Senate Bill 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. (*People v. Galvan*, *supra*, 52 Cal.App.5th at p. 1142, rev.gr.) "Nothing

11

about those requirements changed as a result of Senate Bill No. 1437.  Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life."  (*Ibid.*)

Further, in concluding that the proper vehicle to challenge a pre-*Banks* and *Clark* special circumstance finding is a petition for writ of habeas corpus, courts point to the different burdens involved in a habeas petition and a section 1170.95 petition.  A defendant challenging a pre-*Banks/Clark* special circumstance finding on direct appeal or by means of a writ of habeas corpus must show that the record contains insufficient evidence to prove the defendant acted as a major participant or with reckless indifference.  (*People v. Jones*, *supra*, 56 Cal.App.5th at p. 485, rev.gr.; *People v. Galvan*, *supra*, 52 Cal.App.5th at pp. 1142–1143, rev.gr.; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 17, rev.gr.)  In contrast, a petitioner who demonstrates a prima facie case for section 1170.95 relief has shifted the burden to the People to prove beyond a reasonable doubt that they are ineligible for resentencing, that they still *could be* convicted of murder despite the change to the felony-murder rule in section 189.  The "*Torres/Smith/York* line of cases would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding—no matter how well supported in the record—as well as the recognized method of challenging it.  Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time."  (*Jones*, at p. 485.)  Allowing petitioners to challenge a special circumstance finding via a section 1170.95

petition thus would give them an advantage over similarly situated defendants, based on the date of their convictions. (*Galvan*, at pp. 1142–1143.)

Such a procedure is inconsistent with the Legislature's intent. "The Legislature made plain that its purpose in enacting section 1170.95 was to give defendants the benefit of the amendments to sections 188 and 189 in the absence of a factual basis for a murder conviction in light of the statutory revisions. But there is no indication in the statute's text or history of any legislative intent to permit defendants to challenge their murder convictions by attacking prior findings of fact." (*People v. Nunez*, *supra*, 57 Cal.App.5th at p. 95, rev.gr.) "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance. Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*. The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 461.)

While we acknowledge that both of the foregoing lines of authority are not without force, we agree with those courts holding that a pre-*Banks* and *Clark* special circumstance finding precludes relief as a matter of law. Accordingly, the trial court here correctly denied Portillo's section 1170.95 petition because

13

he is ineligible for relief as a matter of law based on the special circumstance findings.

Moreover, because Portillo was ineligible for section 1170.95 relief as a matter of law, Portillo was not denied his right to counsel or to effective representation. We and numerous other courts have found that a trial court may properly summarily deny a petition without appointing counsel if the record shows the defendant is ineligible as a matter of law. (See, e.g., *Tarkington, supra*, 49 Cal.App.5th at pp. 901–902, rev.gr.; *Verdugo, supra*, 44 Cal.App.5th at p. 332, rev.gr.; *Torres, supra*, 46 Cal.App.5th at p. 1178, rev.gr.; *People v. Lewis, supra*, 43 Cal.App.5th at pp. 1139–1140, rev.gr.; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; but see *People v. Cooper, supra*, 54 Cal.App.5th at p. 109, rev.gr.) Because the trial court here correctly found that the special circumstance findings precluded relief as a matter of law, it was not required to appoint counsel before denying the petition, even though it did so.[4] Given that Portillo had no right to counsel *at all* and that the record does not show that appointed counsel, who represented Portillo's codefendant at trial, performed any substantive work for Portillo in this matter, we need not reach Portillo's contention that appointed counsel had a conflict of interest.

---

[4] Our California Supreme Court is currently reviewing whether a trial court may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95, and when the right to counsel arises under section 1170.95, subdivision (c). (*People v. Lewis, supra*, S260598.)

14

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

EGERTON, J.

LAVIN, J., Dissenting:

In this appeal from the denial of a petition for relief under Penal Code section 1170.95, the majority concludes that Joseph J. Portillo "had no right to counsel *at all*" and he is ineligible for relief as a matter of law based on the jury's special-circumstance findings. I disagree. For the reasons set forth in *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted November 10, 2020, S264684, and *People v. Harris* (2021) 60 Cal.App.5th 939, review granted April 28, 2021, S267802, I would reverse the trial court's order and direct it to conduct further proceedings in accordance with section 1170.95, subdivisions (c) and (d).

LAVIN, J.